# UNITED STATES DISTRICT COURT
for the
**Eastern District of Kentucky**
**Lexington Division**

| | |
|---|---|
| Jonathan Woster )<br>    *Plaintiff* )<br> )<br>v. )<br> )<br>LVNV Funding, LLC )<br>    *Defendant* )<br>Serve: )<br>    Corporation Service Company )<br>    2711 Centerville Road, Suite 400 )<br>    Wilmington, DE 19808 )<br> )<br>Don Franklin Nicholasville, Inc. )<br>    *Defendant* )<br>Serve: )<br>    Jill Davis )<br>    345 S. Highway 27 )<br>    Somerset, KY 42501 )<br> ) | Case No. |

## COMPLAINT and DEMAND FOR JURY TRIAL

1. This is an action brought by a consumer for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA"), which was enacted to eliminate abusive debt collection practices by debt collectors, and the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.*, and the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* ("FCRA"), which was enacted to ensure fairness, accuracy and privacy of the personal information contained in the files of the credit reporting agencies.

2. Defendant LVNV Funding, LLC ("LVNV") violated the FDCPA by collecting and attempting to collect increasing interest and/or fees on a debt that LVNV had no legal right to recover from Plaintiff Jonathan Woster. LVNV also violated the FCRA by furnishing false credit information concerning Mr. Woster to one or more credit reporting agencies.

3. Defendant Don Franklin Nicholasville, Inc. ("Don Franklin") violated the FCRA by requesting Mr. Woster's consumer credit report from one or more consumer reporting agencies without a permissible purpose.

**JURISDICTION**

4. This Court has jurisdiction pursuant to the FDCPA, 15 U.S.C. § 1692k, the FCRA, 15 U.S.C. §1681p, and 28 U.S.C. § 1367.

**PARTIES**

4. Plaintiff Jonathan Woster is a natural person who resides in Lincoln County, Ky. Mr. Woster is a natural individual person and a "consumer" within the meaning of the FDCPA, as defined by 15 U.S.C. § 1692a(3), and the FCRA, as defined at 15 U.S.C. § 1681a(c).

5. Defendant LVNV Funding, LLC ("LVNV") is a Delaware limited liability company, which has not registered with the Kentucky Secretary of State, and is engaged in the business of purchasing debts from creditors and collecting these debts in this state. LVNV's principal place of business is located at Bank of America Building, 200 Meeting Street, Suite 206, Charleston, SC 29401-3187.

6. LVNV regularly collects or attempts to collect debts owed or due or asserted to be owed or due another, and is a "debt collector" within the meaning of the FDCPA, as defined at 15 U.S.C. § 1692a(6), and a furnisher of credit information within the meaning of the Fair Credit Reporting Act.

7. Defendant Don Franklin Nicholasville, Inc. ("Don Franklin") is a Kentucky corporation which has registered with the Kentucky Secretary of State. Don Franklin's principal place of business is located at 345 S. Highway 27, Somerset, KY 42501.

8. Don Franklin is a furnisher of credit information and a user of consumer credit reports within the meaning of the Fair Credit Reporting Act.

**STATEMENT OF FACTS**

**I.    Facts as to LVNV Funding, LLC**

9. Like many of his fellow Americans, Mr. Woster is keenly aware of the importance of his credit score.

10. As explained on Bankrate.com, a person's credit score is important to many major life events: including housing, employment, and credit:

> Today's economy runs on credit. If you want to get a mortgage loan

> for a house or a student loan to pay for college, or if you just want to put your lunch on a credit card, a company is extending credit to you.
>
> Your creditworthiness is defined by your three-digit credit score and is the key to your financial life. Good credit can be the make-or-break detail that determines whether you'll get a mortgage, car loan or student loan. On the other hand, bad credit will make it more difficult for you to get a credit card with a low interest rate and it will make it more expensive to borrow money for any purpose, says Liz Pulliam Weston, author of "Your Credit Score."
>
> But even if you're not in the market for a loan, good credit can have a major impact, Weston says.
>
> "Your credit information can be a factor in whether or not you can rent a nice apartment, how much you pay for insurance or whether or not you can get a job," she says. Landlords, insurers and employers frequently use credit information as a litmus test to see if the people they are dealing with are reliable and responsible.
>
> Bad credit can suggest you're a risky bet. While bad credit may only show the details of how you deal with debt, some will extrapolate the characteristics from your financial life to other situations and assume that your bad credit implies that you may be just as irresponsible driving a car, taking care of an apartment or showing up for a job, Weston notes.
>
> Good credit can signify that your financial situation—and the rest of your life—is on the right track.[1]

11. In an effort to improve his credit score and rating, Mr. Woster reviewed his credit reports and discovered negative credit information furnished by LVNV in connection with a debt originated by Windstream Communications, Inc. ("Windstream").

12. Mr. Woster incurred the debt to Windstream for personal, family, and household purposes, which makes the Windstream debt a "debt" within the meaning of the FDCPA.

13. LVNV first began furnishing information to the consumer reporting agencies ("CRA's") in December of 2012.

14. In December of 2012, LVNV reported that the amount of the Windstream debt was $290.00.

---

[1] http://www.bankrate.com/finance/credit-cards/why-is-good-credit-so-important.aspx

15. As of April 9, 2017, LVNV was falsely reporting that the amount of the Windstream debt was $336.00.

16. LVNV furnished negative credit information concerning Mr. Woster and the Windstream debt to one or more consumer reporting agencies for the purpose of collecting a "debt" from him. *Sullivan v. Equifax, Inc.*, CIV.A. 01-4336, 2002 WL 799856 (E.D. Pa. Apr. 19, 2002) ("[R]eporting a debt to a credit reporting agency is 'a powerful tool designed, in part, to wrench compliance with payment terms.'").

17. The negative credit information furnished by LVNV was false because it included $46.00 in additional fees and costs that LVNV had no legal right to recover from Mr. Woster.

18. In an effort to correct the erroneous credit information regarding the Windstream debt supplied by LVNV, on March 18, 2017 Mr. Woster sent a dispute of the credit information supplied by LVNV to the three major consumer reporting agencies: Equifax Information Services, LLC ("Equifax"), Experian Information Solutions, Inc. ("Experian"), and Trans Union, LLC ("Trans Union").

19. Equifax, Experian, and Trans Union forwarded notice of Mr. Woster's dispute to LVNV, which thereby triggered LVNV's duty under 15 U.S.C. §1681s-2(b) to reinvestigate the Windstream debt.

20. LVNV failed to conduct a reasonable investigation into Mr. Woster's dispute concerning the negative credit information concerning Mr. Woster and the alleged Windstream debt that LVNV is furnishing to Experian.

21. LVNV falsely verified the accuracy of the disputed negative credit information concerning the alleged Windstream debt to Equifax, Experian, and Trans Union.

22. As a result of LVNV's failure to conduct a reasonable investigation of Mr. Woster's dispute, Mr. Woster suffered actual damages in the form of a lowered credit score and denial of credit.

23. LVNV violated the FDCPA by transmitting false credit information concerning Mr. Woster and the Windstream debt to one or more consumer reporting agencies and by adding interest and/or fees to the Windstream debt that LVNV had no legal right to recover from Mr. Woster.

24. LVNV violated the FCRA by failing to conduct a reasonable investigation of Mr. Woster's dispute after receiving notice of the dispute from Equifax, Experian, and Trans Union

and by failing to correct and update false and inaccurate credit information concerning Mr. Woster and the Windstream debt.

**II.     Facts as to Don Franklin Nicholasville, Inc.**

25.    In January of 2017, Mr. Woster and his wife were in the market to purchase a vehicle.

26.    Don Franklin Nicholasville, Inc. ("Don Franklin") was one of the dealerships that the Wosters visited.

27.    The Wosters did not find the right at the right price at Don Franklin.

28.    The Wosters eventually purchased a vehicle they were happy with at another dealership.

29.    Mr. Woster financed the vehicle they purchased through Mariner Finance, LLC.

30.    On May 5, 2017, Don Franklin requested a copy of Mr. Woster's consumer credit reports from Equifax and Trans Union.

31.    This inquiry showed up as "hard credit" inquiry.

32.    Don Franklin's stated reason for requesting Mr. Woster's consumer credit reports on May 5, 2017 was "credit transaction."

33.    On or about May 31, 2017, Mr. Woster, by counsel, sent a letter to Don Franklin noting Don Franklin's requests and asking Don Franklin to explain its reasons for requesting Mr. Woster's consumer credit reports.

34.    In response to Mr. Woster's request, Don Franklin sent counsel a copy of an email from Meghan Kelly of CarsDirect.com dated June 6, 2017.

35.    A true and accurate copy of the June 6th email is attached hereto as Exhibit "A."

36.    The June 6th email states in full:

> ------ Original Message ------
> Subject: Consent to Have Credit Run
> Date: Tue, 6 Jun 2017 12:59:04 -0700
> From: Meghan Kelly <meghan.kelly@carsdirect.com>
> To: lisawilliams@donfranklinauto.com
>
> Hello Lisa,
>
> I have attached screenshots of our site and the disclosure that customers agree to when they submit a lead.
>
> Here is the link : https://www.carsdirect.com/auto-finance/application
> Please let me know if I could be of further assistance.
>
> Thank you and have a lovely day.

37.     A true and accurate copy of the screenshots referred to in the above email are attached hereto as Exhibit "B."

38.     Mr. Woster did not visit the CarsDirect.com website on May 5, 2017.

39.     Mr. Woster did not submit any information to CarsDirect.com through its website on May 5, 2017.

40.     Mr. Woster did not apply for credit with Don Franklin on May 5, 2017.

41.     Mr. Woster did not have an account or an existing financial relationship with Don Franklin on May 5, 2017.

42.     Don Franklin did not have a permissible purpose to request Mr. Woster's consumer credit reports on May 5, 2017.

## Claims for Relief

I.     **Claims against LVNV Funding, LLC**

  a. **Fair Debt Collection Practices Act (FDCPA)**

43.     The foregoing acts and omissions of LVNV Funding, LLC constitute violations of the FDCPA, including but not limited to 15 U.S.C. § 1692e and 15 U.S.C. § 1692f.

    **b. Fair Credit Reporting Act (FCRA)**

44. The foregoing acts and omissions of LVNV Funding, LLC ("LVNV") violate the FCRA.

    **i. Violations of 15 U.S.C. §1681n**

45. After being informed by Equifax, Experian, and Trans Union that Mr. Woster disputed the accuracy of the information it was providing concerning Mr. Woster and the Windstream debt, LVNV willfully failed to conduct a proper investigation of Mr. Woster's disputes filed with Equifax, Experian, and Trans Union that LVNV was furnishing false negative credit information about Mr. Woster and the Windstream debt.

46. LVNV willfully failed to review all relevant information purportedly provided by Equifax, Experian, and/or Trans Union to LVNV in conducting its investigation, as required by 15 U.S.C. §1681s-2(b)(B).

47. LVNV willfully failed to direct Equifax, Experian, and Trans Union to delete inaccurate information about Mr. Woster pertaining to the Windstream debt as required by 15 U.S.C. §1681s-2(b)(C).

48. Mr. Woster has a private right of action to assert claims against LVNV arising under 15 U.S.C. §1681s-2(b).

49. LVNV is liable to Mr. Woster for the actual damages he has sustained by reason of its violations of the FCRA, in an amount to be determined by the trier of fact, or up to $1,000.00 in statutory damages whichever is greater, together with an award of punitive damages in an amount to be determined by the trier of fact, as well as his reasonable attorney's fees, and he may recover therefore pursuant to 15 U.S.C. §1681n.

    **ii. Violation of 15 U.S.C. §1681o**

50. After being informed by Equifax, Experian, and Trans Union that Mr. Woster disputed the accuracy of the information it was providing concerning Mr. Woster, LVNV negligently failed to conduct a proper investigation of Mr. Woster's disputes filed with Equifax, Experian, and Trans Union that LVNV was furnishing false negative credit information about Mr. Woster and the Windstream debt.

51. LVNV negligently failed to review all relevant information purportedly provided by Equifax, Experian, and Trans Union to LVNV in conducting its investigation, as required by 15 U.S.C. §1681s-2(b)(B).

52. LVNV negligently failed to direct Equifax, Experian, and Trans Union to delete inaccurate information about Mr. Woster pertaining to the Windstream debt as required by 15 U.S.C. §1681s-2(b)(C).

53. Mr. Woster has a private right of action to assert claims against LVNV arising under 15 U.S.C. §1681s-2(b).

54. LVNV is liable to Mr. Woster for the actual damages he has sustained by reason of its violation of the FCRA, in an amount to be determined by the trier of fact, as well as his reasonable attorney's fees, and he may recover therefore pursuant to 15 U.S.C. §1681o.

II. **Claims against Don Franklin Nicholasville, Inc.**

55. Don Franklin Nicholasville, Inc. ("Don Franklin") knowingly and intentionally violated the FCRA by requesting Mr. Woster's consumer report for an impermissible purpose, i.e. by requesting Mr. Woster's consumer credit report in connection with a credit transaction that Mr. Woster did not initiate, did not authorize, and did not have knowledge of. Therefore, Don Franklin is liable to Mr. Woster for statutory damages of $1,000 or the actual damages he has sustained by reason of its violation of the FCRA, whichever is greater, in an amount to be determined by the trier of fact, together with an award of punitive damages in an amount to be determined by the trier of fact, as well as his reasonable attorney's fees, and he may recover therefore pursuant to 15 U.S.C. § 1681n.

Or, in the alternative,

56. Don Franklin negligently violated the FCRA by requesting Mr. Woster's consumer report for an impermissible purpose, i.e. by requesting Mr. Woster's consumer credit report in connection with a credit transaction that Mr. Woster did not initiate, did not authorize, and did not have knowledge of. Therefore, Don Franklin is liable to Mr. Woster for actual damages he has sustained by reason of its violation of the FCRA, in an amount to be determined by the trier of fact, as well as his reasonable attorney's fees, and he may recover therefore pursuant to 15 U.S.C. § 1681o.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff Jonathan Woster requests that the Court grant the following relief:

1. Award Plaintiff his actual damages against Defendant pursuant to the FDCPA and/or FCRA;

2. Award Plaintiff maximum statutory damages against Defendant pursuant to the FDCPA and/or FCRA;

3. Award Plaintiff punitive damages against each Defendant pursuant to the FCRA, 15 U.S.C. § 1681n;

4. Award Plaintiff his reasonable attorney's fees and costs;

5. Grant Plaintiff a trial by jury on all issues deemed triable; and

6. Such other relief as may be just and proper.

Respectfully submitted,

/s/ James R. McKenzie
**James R. McKenzie**
*James R. McKenzie Attorney, PLLC*
115 S. Sherrin Avenue, Suite 4
Louisville, KY 40207
Tel:  (502) 371-2179
Fax:  (502) 257-7309
jmckenzie@jmckenzielaw.com

James H. Lawson
*Lawson at Law, PLLC*
115 S. Sherrin Avenue, Suite 4
Louisville, KY 40207
Tel:  (502) 473-6525
Fax:  (502) 473-6561
james@kyconsumerlaw.com